IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-148 |
| | § | C.A. No. C-06-11 |
| VICTOR ZAMORA, | § | |
| | § | |
|    Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Victor Zamora's ("Zamora") motion to vacate, set aside or correct his sentence pursuant to § 2255, which was filed by and through counsel on January 11, 2006. (D.E. 38).[1] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed in more detail herein, the Court DENIES Zamora's motion because it is time-barred. Additionally, the Court DENIES Zamora a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

---

[1] Dockets entries refer to the criminal case, C-03-cr-148.

## II.  FACTS AND PROCEEDINGS

On July 10, 2003, Zamora pleaded guilty to count three of the indictment against him, which charged him with knowingly possessing a firearm while a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (D.E. 1, 19, 20).  On September 25, 2003, the Court sentenced Zamora and judgment was entered against him on October 1, 2003. (D.E. 26, 32).  Zamora did not pursue a direct appeal.

Zamora's § 2255 motion was filed on January 11, 2006. (D.E. 38).  In it, Zamora asserts that this Court erred in sentencing him based on facts neither found by a jury beyond a reasonable doubt nor admitted by him, and that his sentencing violated his Sixth Amendment rights.  He relies for support on United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

His motion acknowledges that he has filed outside the one-year statute of limitations set forth in § 2255.[2]  Nonetheless, he argues that his motion should be deemed timely because it relies on a "new rule" that has been newly recognized by the Supreme Court and

---

[2] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

has been made retroactively applicable on collateral review. (D.E. 38 at 2). As discussed herein, Zamora's argument has been squarely rejected by the Fifth Circuit.

### III.  DISCUSSION

**A.    Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

As noted, judgment was entered against Zamora on October 1, 2003. (D.E. 32). The period for Zamora to file a notice of appeal from the judgment against him expired ten days later. Fed. R. App. P. 4(b).  As calculated under Rule 26, Fed. R. App. P., the ten-day period excludes intermediate Saturdays, Sundays and legal holidays. So calculated, ten days after October 1, 2003 was October 16, 2003. In this case, Zamora did not appeal. His conviction therefore became final when the time for filing an appeal expired, or on October 16, 2003. Zamora's limitations period for filing a motion pursuant to 28 U.S.C. § 2255 expired a year after that date, or on October 16, 2004. Zamora's motion was filed on January 11, 2006, more than one year and two months beyond the deadline as calculated under § 2255(1), and is untimely.

3

Zamora's sole explanation for his untimely filing is that the primary case upon which he relies, United States v. Booker, 125 S. Ct. 738 (2005), was only recently decided. His reliance on Booker does not render his motion timely, for the reasons discussed in Section III.B. infra. He does not offer any other reason or argument as to why his motion should be deemed timely. Moreover, the record discloses no basis for equitable tolling. Accordingly, his motion is time-barred, as calculated using § 2255(1).

**B.   Timeliness of Booker claim**

Zamora argues that his claim pursuant to United States v. Booker, 125 S. Ct. 738 (2005) is timely under § 2255(3). See supra note 2. That provision would render his claim timely only if Booker applies retroactively to cases already final on direct review when it was decided. The Fifth Circuit has squarely held, however, that Booker is not retroactive on collateral review. United States v. Gentry, 432 F.3d 600, 605 (5th Cir. 2005) ("we join the several court of appeals that have held that Booker does not apply retroactively to initial § 2255 motions"). Thus, Booker does not provide a basis for relief to a defendant, such as Zamora, whose conviction became final before the case was decided. Gentry, 432 F.3d at 603-04 & n.2. Its non-retroactivity also means that, while a "new rule," it does not satisfy the other requirements of § 2255(3) in order to render claims based on it timely. Accordingly, § 2255(3) is inapplicable. Zamora's motion is time-barred and this Court cannot consider it.

**C.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Zamora has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA

determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Zamora has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his motion is time-barred. Accordingly, Zamora is not entitled to a COA.

## IV. CONCLUSION

For the above-stated reasons, Zamora's motion under 28 U.S.C. § 2255 (D.E. 44) is DENIED. The Court also DENIES him a Certificate of Appealability.

ORDERED this 7th day of March, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE