IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-148 |
| | § | C.A. No. C-06-11 |
| VICTOR ZAMORA, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR EXTENSION OF TIME TO APPEAL**

By order signed March 7, 2006 and entered March 8, 2006, the Court denied Victor Zamora's ("Zamora") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 39). Final judgment was entered on March 9, 2006. (D.E. 40). Zamora had sixty days from that date to file his notice of appeal, or until May 8, 2006. See Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts (Rule 4(a) of the Federal Rules of Appellate Procedure applies to appeals of § 2255 motions); Fed. R. App. P. 4(a)(1)(B) (deadline for filing notice of appeal is sixty days where United States is a party); see also United States v. Truesdale, 211 F.3d 898, 903 (5th Cir. 2000) (noting same).

On June 12, 2006, the Clerk received from Zamora a motion for extension of time to file his notice of appeal, and his notice of appeal. (D.E. 41, 42). Pursuant to Houston

1

v. Lack, Zamora's notice of appeal is deemed filed on the date he delivered it to prison officials for mailing.[1] Both his notice of appeal and his motion for extension contain certificates from Zamora stating that they were deposited into the prison mail system, postage pre-paid, on June 7, 2006. They are thus deemed filed as of that date. His notice of appeal is not timely, having been filed thirty days beyond the deadline.

Zamora, recognizing this fact, has also filed a motion for extension of time to file his notice of appeal. A district court may extend the time to file a notice of appeal only under limited circumstances. In this case, the pertinent provision is Fed. R. App. P. 4(a)(5). This rule allows the Court to extend the time for filing a notice of appeal upon a motion of a party within thirty days of the expiration of the appellate deadline, if that party shows "excusable neglect or good cause." Fed. R. App. P. 4(a)(5). Zamora's notice of appeal and motion for extension were filed within that 30-day window. Accordingly, this Court can grant his motion for extension of time upon finding excusable neglect or good cause.

A showing of excusable neglect or good cause is a difficult one to make. As the Fifth Circuit has recognized:

> The burden of establishing excusable neglect is upon an appellant, even one proceeding pro se. Our circuit's rule is that the excusable neglect standard is a strict one, requiring more than mere ignorance. Failure to learn of the entry of judgment

---

[1] Under the rule enunciated in Houston v. Lack, 487 U.S. 266 (1988), motions filed by *pro se* prisoners are generally deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." 487 U.S. at 276; see also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings); Fed. R. App. P. 4(c)(1) (indicating same rule applies to notices of appeal).

> is the major, but not the only, reason for finding excusable neglect. Other unique circumstances may render the dismissal unfair. The party requesting the extension must make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable. Courts should sanction deviations from the letter of the rules only on the most compelling showing that the purposes of the rules are served.

Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)(numerous internal citations omitted).

In his signed and sworn motion, Zamora argues that an extension should be granted because of certain factual circumstances. First, he notes that his § 2255 motion was filed with the assistance of counsel. He states that, although he was aware that his motion had been denied by the Court, his attorney, Ivan R. Lopez de Victoria, "refused to send him a copy or tell him why it had been denied." He said that he finally received the Court's order and judgment at the end of May after requesting it from the Clerk of this Court, and that he mailed his notice of appeal from the mailroom at his prison on June 7, 2006.

Zamora's version of events also finds some support in the Court's own docket, which reflects that a copy of the Court's order and final judgment were mailed to Zamora on May 22, 2006 by Clerk's office personnel, pursuant to a mailed request by Zamora. (See May 22, 2006 docket entry). Having reviewed the circumstances set forth above, however, the Court cannot find that they constitute excusable neglect or good cause for his late filing.

Essentially, Zamora's argument is that notice of judgment to his counsel did not constitute notice of judgment to him, a contention that has been recently rejected by the Fifth Circuit. Resendiz v. Dretke, __ F. 3d __, 2006 WL 1545478 (5th Cir. June 7, 2006)

(rejecting the petitioner's argument that a notice of appeal was timely under Rule 4(a)(6), Fed. R. App. P., because the petitioner claimed his attorney had abandoned him and did not send him notice of the judgment, although the attorney had received such notice).

Zamora's case is even less compelling then Resendiz, where the petitioner claimed he did not know his habeas petition had been denied.  By contrast, Zamora admitted that he knew that his § 2255 motion had been denied; he just didn't receive a copy of it until he requested it from the Clerk's office and it was mailed to him on May 22, 2006.   In short, his explanation does not constitute the "clear showing that the circumstances causing the delay were unique and that the neglect was excusable," as required by Birl.  660 F.2d at 593.  Nor does this Court conclude that the circumstances as alleged by Zamora constitute good cause warranting an extension.

For the foregoing reasons, Zamora's motion for extension of time to appeal (D.E. 41) is DENIED.

ORDERED this 22nd day of June 2006.

_____
HAYDEN HEAD
CHIEF JUDGE